**Firpo W. CARR, Ph.D., Plaintiff–
Appellant,**

v.

**Walter SAWALL, individually; et
al., Defendants–Appellees,**

and

**Redondo Beach City of, Defendant.**

**No. 01–57023.**

**D.C. No. CV–00–12670–MLR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM**

Firpo W. Carr appeals pro se from the
district court's denial of his Fed.R.Civ.P.

60(b) motion seeking reconsideration of the
district court's summary judgment in his
42 U.S.C. § 1983 action alleging that he
was improperly detained by a police officer
based on his race. We have jurisdiction
pursuant to 28 U.S.C. § 1291. We review
the denial of a Rule 60(b) motion for abuse
of discretion, *Maraziti v. Thorpe,* 52 F.3d
252, 253 (9th Cir.1995), and affirm.[1]

The newly discovered evidence submit-
ted in support of Carr's Rule 60(b) motion
did not raise any genuine issues of materi-
al fact to warrant reconsideration of the
district court's order granting summary
judgment for Officer Sawall. *See Cel–A–
Pak v. California Agr. Labor Relations
Bd.,* 680 F.2d 664, 668–69 (9th Cir.1982);
*cf. Washington v. Lambert,* 98 F.3d 1181,
1185–90 (9th Cir.1996) (setting forth fac-
tors converting a lawful investigatory stop
into an arrest). Moreover, the district
court did not abuse its discretion by refus-
ing to reconsider the stipulated dismissal
of defendant Chief Nichols because the
affidavits did not establish any injury to
Carr. *See Quintanilla v. City of Downey,*
84 F.3d 353, 355–56 (9th Cir.1996) (noting
that "an individual may recover [against a
public entity] only when that individual's
federal rights have been violated").

We reject Carr's remaining contentions.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. Because Carr's motion for reconsideration
was filed more than ten days after entry of
judgment, we do not have jurisdiction to re-
view the grant of summary judgment. *Maraz-
iti,* 52 F.3d at 253.